IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY., as Trustee, )))) | |
| ) | Case No. 19 CV 4878 |
| *Plaintiffs,* ) | |
| ) | Judge |
| v. ) | |
| ) | Magistrate Judge |
| MICHAEL WALDING, an individual, ) | |
| ) | |
| *Defendant*. ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., one of the Fund's present trustees, for causes of action against Defendant, allege as follows:

### Jurisdiction and Venue

1. This is an action to recover an overpayment of pension benefits in the amount of $10,105.00 to Defendant Michael Walding. Plaintiffs seek relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (3), and also bring a federal common law claim for unjust enrichment and a common law claim for fraud.

2. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e)(1) and 1132(f) and 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) because an action under Title I of ERISA may be brought in the district court where a plan is administered—in this case, the Northern District of Illinois. Venue is also proper in this Court pursuant to 28 U.S.C. §

TM:585251 / 19710023 / 7/22/19

-1-

1391(b)(2), because a substantial part of the events, acts or omissions giving rise to the asserted claims occurred in this District.

### Parties

4. Central States, Southeast and Southwest Areas Pension Fund (the "Fund") is an employee pension benefit plan as that term is defined in 29 U.S.C. § 1002(2) and is administered from its principal and exclusive offices located in Chicago, Cook County, Illinois.

5. The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT"). All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to the Fund's participants and beneficiaries and paying the Fund's administrative expenses.

6. Plaintiff Charles A. Whobrey is a trustee and a fiduciary of the Fund as defined in 29 U.S.C. § 1002(21). Pursuant to 29 U.S.C. §§ 1132(a)(2) and (3), Mr. Whobrey is authorized to bring this action on behalf of the Fund in his capacity as trustee and fiduciary.

7. John Walding ("John") is a deceased individual who passed away on September 11, 2012. Prior to his death, he was a beneficiary of the Fund within the meaning of 29 U.S.C. § 1002(8).

8. Defendant Michael Walding ("Michael") is an individual who resides in the State of Nebraska. At all times relevant to this Complaint, he was the son of John.

### Relevant Plan Provisions

9. The Fund is administered by its Board of Trustees under the terms of a Trust Agreement and a Plan Document.

10. Pursuant to Article IV of the Trust Agreement, the Trustees are vested with the sole discretionary authority to administer the Fund, to resolve claims for benefits by participants and beneficiaries, and to interpret and construe the terms of its Trust Agreement and Plan Document (which interpretations are binding on all parties).

11. Pursuant to the authority granted to the Trustees by the Trust Agreement, they have established a Plan Document. A copy of the Plan Document is attached hereto as Exhibit A.

12. The Trustees' discretionary authority to administer the Fund and to bind those claiming benefits from the Fund is mirrored in Article VII of the Plan Document, which also grants and reiterates the powers outlined in the Trust Agreement.

13. Article VII, Section 7.05 of the Plan Document provides:

RECOVERY OF OVERPAYMENTS

(a) Any misrepresentation in a claim by a claimant to the Pension Fund for pension or other benefits . . . shall constitute grounds for adjustment of the claim and of the requested benefit, for recovery by the Pension Fund of any benefit payments in reliance upon said misrepresentation and for any other equitable or legal remedies available to the Pension Fund.

(b) Whenever the Pension Fund has made benefit payments exceeding the amount determined by the provisions of its Pension Plan, due to a mistake, the Board of Trustees shall have the right to recover the excess payments.

Exhibit A, pp. 80-81.

**Factual Background**

14. For all relevant periods of time, the Fund directly deposited monthly pension benefits in the amount of $215.00 on behalf of John into an account designated by him at Wells Fargo Bank NA (the "Wells Fargo Account").

15. Upon information and belief, for all relevant periods of time, the Wells Fargo Account was jointly held by Michael and John.

16. John died on September 11, 2012.

17. Upon his death, John's rights to the monthly pension benefits ceased and the Fund's obligation to remit the monthly pension benefits terminated.

18. For the period after John's death through February 2017, the Fund had not received notice of John's death and had no knowledge that he had died.

19. For the period of October 2012 through February 2017, the Fund continued to directly deposit the monthly pension benefits into the Wells Fargo Account.

20. As a result, for the period of October 2012 through February 2017, the Fund overpaid the monthly pension benefits in the total amount of $11,395.00. The Fund reclaimed $1,290.00 from Wells Fargo Bank NA on February 8, 2017, reducing the total overpaid pension benefits to $10,105.00.

21. After John's death on September 11, 2012, neither he nor any other beneficiary was entitled to receive any further pension benefits.

22. For all relevant periods, Michael knew that John was deceased as of September 11, 2012.

23. For all relevant periods, Michael knew that the Fund continued to electronically deposit John's monthly pension benefit into the Wells Fargo Account.

24. For all relevant periods, Michael fraudulently concealed the material fact of John's death from the Fund.

25. As a result of his failure to notify the Fund of John's death, Michael received an overpayment in the total amount of $10,105.00 that was electronically deposited into the Wells Fargo Account by the Fund.

## COUNT I

### (Breach of Fiduciary Duty Under ERISA, 29 U.S.C. § 1132(a)(2))

26. The allegations made in paragraphs 1 through 25 are realleged and restated herein by reference.

27. Michael is in possession of assets, which in equity and good conscience are property of the Fund, which is an ERISA-regulated employee pension benefit plan. Thus, Michael is a fiduciary of the Fund, and as a result, owes an obligation under 29 U.S.C. § 1104 to discharge his fiduciary duties to the Fund regarding those assets, to hold said assets in constructive trust for the Fund and to reimburse the full amount of said assets to the Fund upon demand.

28. Notwithstanding the fact that the Fund has demanded repayment of its assets (consisting of the overpayments in the amount of $10,105.00), Michael has refused to reimburse the Fund said assets. As a result, Michael has violated his duties under 29 U.S.C. § 1104 and is liable to the Fund for the breach pursuant to 29 U.S.C. § 1109.

**WHEREFORE**, the Plaintiffs request the following relief in their favor and against Michael:

(a) A judgment against Michael in favor of Plaintiffs pursuant to 29 U.S.C. § 1132(a)(2) for violation of 29 U.S.C. § 1109 in the amount of $10,105.00, plus interest at the rate set by the Fund's Trust Agreement;

(b) An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(c) All other just and appropriate relief.

## COUNT II

### (Breach of Fiduciary Duty Under ERISA, 29 U.S.C. § 1132(a)(3))

29. The allegations made in paragraphs 1 through 28 are realleged and restated herein by reference.

30. Michael is in possession of assets, which in equity and good conscience are property of the Fund, which is an ERISA-regulated employee pension benefit plan. Thus, Michael is a fiduciary of the Fund, and as a result, owes an obligation under 29 U.S.C. § 1104 to discharge his fiduciary duties to the Fund regarding those assets, and to hold said assets in constructive trust for the Fund and to reimburse the full amount of said assets to the Fund upon demand.

31. Notwithstanding the fact that the Fund has demanded repayment of its assets (consisting of the overpayments in the amount of $10,105.00), Michael has refused to reimburse the Fund said assets. As a result, Michael has violated his duties under 29 U.S.C. § 1104 and is liable to the Fund for the breach pursuant to 29 U.S.C. § 1109.

**WHEREFORE**, the Plaintiffs request the following equitable relief in their favor and against Michael:

(a) Equitable relief pursuant to 29 U.S.C. § 1132(a)(3) for violation of 29 U.S.C. § 1109 in the form of an injunction requiring reimbursement by Michael to Plaintiffs in the amount of $10,105.00, plus interest at the rate set by the Fund's Trust Agreement;

(b) An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g);

(c) That Michael be further enjoined from disposing of any monies held as a fiduciary for the Plaintiffs and from comingling said monies with any of Michael's other assets until such time reimbursement to the Plaintiffs is made in full;

(d) That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until Michael reimburses Plaintiffs the amount of $10,105.00 (plus interest); and

(e) All other just and appropriate relief.

## COUNT III

**(Equitable Lien and Constructive Trust Under 29 U.S.C. § 1132(a)(3))**

32. The allegations made in paragraphs 1 through 31 are realleged and restated herein by reference.

33. Michael is in possession of the Fund's assets and, pursuant to Article VII, Section 7.05 of the Plan Document, the Fund asserts an equitable lien on the overpayments described herein.

34. Equitable liens in favor of the Fund may be enforced by a constructive trust upon wrongfully withheld assets in the constructive possession of Michael, with the constructive trust to continue until full reimbursement is made to the Fund.

35. Michael is required to hold said assets in constructive trust for the benefit of the Fund and not dispose of the assets until the Fund's equitable lien has been satisfied.

**WHEREFORE**, the Plaintiffs request the following equitable relief in their favor and against Michael:

(a) Equitable relief under 29 U.S.C. § 1132(a)(3) in the form of an equitable lien in the amount of $10,105.00 plus interest upon the overpayments held by Michael, which Michael is obligated to reimburse to the Fund pursuant to the reimbursement provisions of the Fund's Plan Document, and the imposition of a constructive trust to enforce the Fund's equitable lien;

(b) Equitable relief pursuant to 29 U.S.C. § 1132(a)(3) in the form of an injunction requiring reimbursement by Michael to Plaintiffs in the amount of $10,105.00, plus interest at the rate set by the Fund's Trust Agreement;

(c) That Michael be further enjoined from disposing of any monies thus held in constructive trust for the Plaintiffs and from comingling said monies held therein with any of Michael's other assets until such time reimbursement to the Plaintiffs is made in full;

(d) That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until Michael reimburses Plaintiffs the amount of $10,105.00 (plus interest);

(e) An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(f) All other just and appropriate relief.

## COUNT IV

**(Unjust Enrichment Under the Federal Common Law of ERISA)**

36. The allegations made in paragraphs 1 through 35 are realleged and restated herein by reference.

37. To the detriment of the Fund, Michael has been and continues to be unjustly enriched as a result of the unlawful and/or wrongful retention of the $10,105.00 in pension benefit overpayments from the Fund.

38. As a result of Michael's retention of the overpayments, the Fund has lost assets (and interest thereon) belonging to the Fund.

-9-

39. Michael's retention of the overpayments violates the fundamental principles of justice, equity and good conscience, and Michael ought to return the $10,105.00 in overpayments, plus interest, to the Fund.

40. The Fund has a reasonable expectation that Michael should repay the overpayments he received, and Michael reasonably should have expected to repay the overpayments to the Fund, because Michael was clearly not entitled to them.

41. Accordingly, the Fund seeks full disgorgement and restitution of Michael's enrichment and the benefits he acquired as a result of Michael's unlawful and/or wrongful retention of the $10,105.00 in pension benefit overpayments.

**WHEREFORE**, the Plaintiffs request the following equitable relief in their favor and against Michael:

(a) Equitable relief pursuant to the federal common law of ERISA in the form of restitution by Michael to the Plaintiffs in the amount of $10,105.00, plus interest at the rate set by the Fund's Trust Agreement;

(b) An award to the Plaintiffs of their attorneys' fees and costs;

(c) That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until Michael reimburses Plaintiffs the amount of $10,105.00 (plus interest); and

(d) All other just and appropriate relief.

## COUNT V

### (Common Law Fraud)

42. The allegations made in paragraphs 1 through 41 are realleged and restated herein by reference.

43. During the period of October 2012 through February 2017, Michael wrongfully engaged and participated in a prohibited transaction by securing assets in the form of monthly pension benefits from the Fund for an ineligible person after the death of John and initiated these acts when he wrongfully, negligently and/or fraudulently failed to notify the Fund of the death of John.

44. Michael concealed the material fact that John died on September 11, 2012.

45. The concealment of the death of John was intended to induce the false belief by the Fund that John was still alive, under circumstances in which Michael had a duty to speak.

46. The Fund could not have discovered the fact that John was deceased through a reasonable inquiry or inspection and relied upon the silence of Michael as a representation of the fact that John was still living.

47. If the Fund had been aware that John had passed away on September 11, 2012, the Fund would have immediately terminated the electronic deposit of the monthly pension benefits in the Wells Fargo Account.

48. The Fund's reliance upon Michael's silence resulted in injury to the Fund and Michael received the amount of $10,105.00 in pension benefits to which he was not otherwise entitled.

49. Consequently, during the period of October 2012 through February 2017, Michael committed the tort of fraudulent concealment against the Fund.

50. The Fund suffered damages as a direct and proximate result of Michael's fraudulent misrepresentations and concealment of material facts, in that it paid pension benefits during the period of October 2012 through February 2017; payments to which Michael was not entitled since he was not eligible for any pension benefit payments subsequent to John's death.

**WHEREFORE**, the Plaintiffs request the following relief in their favor and against Michael:

(a) A judgment in favor of the Plaintiffs and against Michael in the amount of $10,105.00 (plus interest);

(b) An award of attorneys' fees and costs; and

(c) All other just and appropriate relief.

                        Respectfully submitted,

                        */s/ Rebecca K. McMahon*
                        Rebecca K. McMahon (ARDC #06290192)
                        CENTRAL STATES FUNDS
                        Law Department
                        9377 W. Higgins Road, 10th Floor
                        Rosemont, Illinois 60018
                        847-939-2477
                        rmcmahon@centralstatesfunds.org

July 22, 2019                    *ATTORNEY FOR PLAINTIFFS*